## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**RAYMOND DAVIS ET AL**          **CASE NO.  2:21-CV-01700**

**VERSUS**                                        **JUDGE JAMES D. CAIN, JR.**

**AMERICAN SECURITY INSURANCE CO   MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the Court is a "Motion to Dismiss" (Doc. 5) filed by Defendant American Security Insurance Company ("American Security") who moves to dismiss the instant lawsuit because Plaintiffs are not named insureds on the policy.

## BACKGROUND

Plaintiffs allege their property was damaged by Hurricane Laura on August 27, 2020.  American Security issued a forced lender-placed policy to insure the dwelling; the policy names Caliber Home Loans, Inc. "(Caliber") as the insured. Plaintiffs are not insured, nor are they additional insureds.  Plaintiffs allege that even though American Security inspected the property early on and knew it was a total loss, it did not tender the undisputed amounts of covered losses or submit a settlement offer until more than 30 days after receiving satisfactory proof of loss.[1]

American Security now brings this motion to dismiss and shows that the policy at issue is a lender-placed one for the benefit of Davis's lender, Caliber.

---

[1] Complaint, ¶ 7, Doc. ,.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas,* 867 F.2d 877, 880 (5th Cir. 1989).  The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.,* 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992).  "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall,* 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point

necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007).  A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

## <u>LAW AND ANALYSIS</u>

American Security maintains that Plaintiffs do not have standing to enforce the insurance policy.  To have standing to enforce an insurance policy, the plaintiff must be: (1) a named insured; (2) an additional named insured; or (3) an intended third-party beneficiary of the policy. *Barbe v. Freedom Loan Servicing, LLC,* 383 F.Supp.3d 634, 641 (E.D. La. 2019) (citing *Brown v. Am. Modern Home Ins. Co.,* 2017 WL 2290268, at *4 (E.D. La. May 25, 2017);  *Lee v Safeco Ins. Co., of Am.,* 2008 WL 2622997, at *2 (E.D. La. July 2, 2008).

Plaintiffs are not a named insured, nor are they an additional named insured. The issue at hand is whether or not, based on the policy language, they are an intended third-party beneficiary.

Courts in this circuit have had ample opportunity to consider third-party beneficiary status under lender-placed homeowner's insurance policies. These policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance coverage. *Williams*, 398 F. App'x at 46. Though the borrowers are typically listed on the policy and pay premiums through the lender, such circumstances are insufficient to create third-party beneficiary status unless the borrower is also due some sort of benefit under the policy. *Id.* Where, however, there is a definite benefit to the homeowner within the policy, he may be a third-party beneficiary. See *Lee*, 2008 WL 2622997 (E.D. La. Jul. 2, 2008) (stipulation *pour autrui* created where lender-placed policy provided that any loss payment exceeding the mortgagee's interest must be paid to homeowner).

American Security argues that because the Davis's are not named insureds or additional insureds, they cannot enforce the policy. American Security also complains that there is no indication that Plaintiff Mary Davis is a borrower, and the policy identifies Raymond Davis as the borrower, but also identifies Romanski Davis. American Security argues that the designation as "Borrower" does not confer any rights to Plaintiffs and the Plaintiffs are not third-party beneficiaries. The Policy states as follows:

> 12. Loss Payment.
>    a. [American security] will initiate loss adjustment of a claim with [Caliber]

* * *

b. [American Security] will make written offer to [Caliber] to settle a claim within 30 days after receipt of satisfactory proof of loss of that claim.

c. Loss will be made payable to the named insured [Caliber].  No coverage will be available to any mortgagee other than that shown as the named insured on the Declarations.  The undisputed portion of the loss will be payable within 30 days after [American Security] receive[s] [Caliber's] proof of loss.[2]

*Third-party beneficiaries*

American Security maintains that Plaintiffs are not third-party beneficiaries of the policy. See *Joseph v. Hospital Service District No. 2 of the Parish of St. Mary,* 939 So.2d 1206, 1212 (La. 10/15/06). A stipulation *pour autrui* is never presumed; the party claiming the benefit [Plaintiffs] must show that such a stipulation in their favor exists. To do so, a plaintiff must show that (1) the contract in question "manifests a clear intention" to confer a benefit on them, (2) there is certainty as to the benefit owed, and (3) the benefit in question is not a "mere incident of the contract."  *Joseph,* 939 So.2d at 1214. In other words, the contract must confer a specific "direct benefit" in favor of the third party. *Joseph,* 939 So.2d at 1214 ("Simply stated, in the absence of a direct benefit conferred by the contract, the doctors cannot be third party beneficiaries. . .").

Lender-placed policies are designed to insure the lender's collateral whenever the borrower fails to maintain adequate insurance. *Williams v. Certain Underwriters at Lloyd's of London*, 398 Fed. Appx. 44 (5th Cir. 2010) (homeowner was not a third party beneficiary of lender placed policy where all policy benefits were payable to the lender) *cf. Lee v. Safeco Insurance Co. of America,* 2008 WL 2622997 (E.D. La. July 2, 2008) (homeowner

---

[2] Defendant's exhibit A, p. 24.

qualified as a third-party beneficiary where homeowner could potentially recover, as direct payee, amounts in excess of the lender's interest) and *D'Juve v. Am. Modern Home Ins. Co.,* 2015 WL 1650259, at *2 (E.D. La. Ap. 14, 2015) (same as *Lee* in that the plaintiff might have qualified as a third-party beneficiary under the policy language; however, the losses that she claimed did not exceed the lender's interest). See also, *Brown, supra,* at *5, discussion of American Modern policy (same as *D'Juve*).

American Security relies on the *Brown* cases in which Judge Lemmon held that plaintiffs had failed to state a claim against American Security for which relief could be granted because the policy, that contained the same "Loss Payment" provision as stated hereinabove, did not mention plaintiffs' insurable interest or provision for payment to plaintiffs.  Thus, there was no manifest clear intention for the American Security policy to provide a benefit to plaintiffs that would be sufficient to create a stipulation *pour autrui.*

In *Brown,* the court suggested that a plaintiff could be a third-party beneficiary of an insurance contract when the plaintiff alleges "that the amount of loss exceeds the mortgage balance." *Brown,* 2017 WL 2290268 *5.

Also, in *Butler v. American Security Insurance Company,* 2019 WL 1714231 (M.D. La. Apr. 17, 2019), Judge Jackson reached the same conclusion because the American Security policy only paid losses to the insured—Wells Fargo. See also *Farber v. Deutsche Bank Nat'l Tr. Co.,* 2020 WL 5820076 (E.D. La. Sept. 30, 2020) (Judge Vitter).

American Security posits that because Plaintiffs lack standing to assert a breach of contract claim, they cannot assert a bad faith claim under Louisiana law.

Plaintiffs maintain that Raymond Davis is a third-party beneficiary pursuant to a stipulation *pour autrui* because the policy clearly confers a benefit on Plaintiffs who own the home and pay for the insurance through their mortgage payments. Plaintiffs rely on an endorsement to the policy   which defined "your and your" as both the "named insured and borrower shown in the Declarations." Plaintiffs argue that by contract, every instance of "you" in the policy provides rights to Plaintiffs which manifests a clear intent to confer a benefit on the Plaintiffs.  However, this provision does not expressly alter the loss payment clause's directive that payment is due to the named insured alone.

American Security argues that Plaintiffs have failed to establish an existing claim for relief.  For example, Plaintiff have not invoked the policy appraisal procedure, nor stated a plausible breach of contract claim because American Security has paid the policy limits, albeit allegedly untimely.  In other words, because American Security has paid out the policy limits, Plaintiffs only claim is for penalties and attorneys fees pursuant to Louisiana Revised Statutes 22:1892 and 1973.[3]

Next, Plaintiffs argue that because they have an insurable interest as an "borrower", this equates to the homeowner being an insured under the policy.  The Court disagrees. The policy identifies the borrower but provides no language that would suggest or designate the borrower as an insured or additional insured. To be sure, the policy clearly provides that "all loss will be made payable to the named insured."[4] The Court finds that the policy does not provide a stipulation *pour artrui* in favor of Plaintiffs because there is

---

[3]  Complaint, ¶ 8.
[4]  Defendant's exhibit A, p. 24.

no "direct benefit" for the Plaintiffs.  The lender-placed policy purchased by the lender protects the lender's interest in the property and Plaintiffs have failed to show that the policy confers any direct benefit on them.

## **CONCLUSION**

For the reasons stated above, the Motion to Dismiss (Doc. 5)] is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 20th day of September, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**